UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN A. CONNER, DPM, P.C., individually and on behalf of the class defined herein, | |
| | Civil Action No. _____ |
| Plaintiff, | |
| v. | Class Action |
| ADVANCED DIABETIC SOLUTIONS, LLC and JOHN DOES 1-10, | |
| Defendants. | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Steven A. Conner, DPM, P.C., brings this action to secure redress for the actions of defendant Advanced Diabetic Solutions, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

2. Plaintiff Steven A. Conner, DPM, P.C. is a professional corporation with offices at 9102 Babcock Blvd., Suite 109, Pittsburgh, Pennsylvania 15237.

3. Defendant Advanced Diabetic Solutions, LLC, is a Georgia limited liability company with an office located at 1576 Atkinson Road, Lawrenceville, Georgia 30043.

4. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

6. Personal jurisdiction exists because defendant:

    a. Has committed tortious acts in Pennsylvania by causing the transmission of unlawful communications into the state.

    b. Has transacted business in Pennsylvania.

7. Venue in this District is proper for the same reason.

## FACTS

8. On or about October 10, 2015, at 2:07pm, Steven A. Conner, DPM, P.C., received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

9. On or about October 10, 2015, at 3:25pm, Steven A. Conner, DPM, P.C., received the unsolicited fax advertisement attached as <u>Exhibit B</u> on its facsimile machine.

10. On or about October 10, 2015, at 3:27pm, Steven A. Conner, DPM, P.C., received the unsolicited fax advertisement attached as <u>Exhibit C</u> on its facsimile machine.

11. On or about October 14, 2015, at 9:22pm, Steven A. Conner, DPM, P.C., received the unsolicited fax advertisement attached as <u>Exhibit D</u> on its facsimile machine.

12. Discovery may reveal the transmission of additional faxes as well.

13. Advanced Diabetic Solutions, LLC, is responsible for sending or causing the sending of the faxes.

14. Advanced Diabetic Solutions, LLC, as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

15. Advanced Diabetic Solutions, LLC, either negligently or wilfully violated the rights of plaintiff and other recipients in sending the fax.

16. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

17. The faxes did not contain an opt-out notice that complied with 47 U.S.C. §227.

18. On information and belief, the faxes attached hereto was sent as part of a mass broadcasting of faxes.

19. On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons.

20. There is no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227

21. Plaintiff incorporates ¶¶ 1-20.

22. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

23. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

25. Plaintiff and each class member is entitled to statutory damages.

26. Defendant violated the TCPA even if its actions were only negligent.

27. Defendant should be enjoined from committing similar violations in the future.

4

## CLASS ALLEGATIONS

28. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Advanced Diabetic Solutions, LLC, promoting its goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

29. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

30. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

   b. The manner in which defendant compiled or obtained its list of fax numbers;

   c. Whether defendant thereby violated the TCPA;

31. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

33. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

34. Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.*, 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010).

35. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a. Actual damages;

b. Statutory damages;

c. An injunction against the further transmission of unsolicited fax advertising;

d. Costs of suit;

e. Such other or further relief as the Court deems just and proper.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan
Attorney for plaintiff and the class

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC
6550 Lakeshore Street
West Bloomfield, MI 48323
Direct Line: (248) 562-1320
Fax: (888) 769-1774
rshenkan@shenkanlaw.com


pro hac vice admission to be applied for:

Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## NOTICE OF ASSIGNMENT

  Please be advised that all rights relating to attorney's fees have been assigned to counsel.

               _____
                Richard Shenkan

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC
6550 Lakeshore Street
West Bloomfield, MI 48323
Direct Line: (248) 716-5800
Fax: (888) 769-1774
rshenkan@shenkanlaw.com